## F. J. STOKES MACH. CO. v. COE, Commissioner of Patents.

### No. 8715.

United States Court of Appeals
District of Columbia.

Argued Nov. 17, 1944.

Decided Jan. 22, 1945.

Mr. Roger T. McLean, of New York City, member of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Clarence M. Fisher, of Washington, D. C., was on the brief, for appellant.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, U. S. Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellant seeks a patent on a process for preserving biological products, such as sera, vaccines, antitoxins, and the like. As originally produced these products contain 90% water and deteriorate on storage. In the process involved in this case the material is frozen and then subjected to a high vacuum below the freezing point which evaporates the frozen water and removes over 99.9% of it, leaving a dry product which is remarkably stable.

The case is presented as if the two claims set out in appellant's brief constituted a separate and distinct invention on which it had been denied a patent. Actually it has not been denied a patent. Six claims on the apparatus, and ten claims on the method or process, have been allowed. The issue, therefore, as we pointed out Monsanto Chemical Co. v. Coe, 1944, 79 U. S.App.D.C. ——, 145 F.2d 18, is whether the patent which had been granted on appellant's discovery is of sufficient scope to constitute an adequate reward for its discovery and, conversely, whether the claims which it now seeks would give it a control over the art which would discourage invention by others and thereby impede the progress of science and the useful arts.

It is impossible to answer that question on the record before us. From a mere comparison of the claims which have been allowed with those which have been refused we are unable to tell what additional scope or control over the art appellant expects to obtain from the claims denied.

For example, Claim 18, which was granted, and Claim 35, which was refused, read as follows:

"Claim 18. The method of treating and packaging biological material for preservation which comprises, filling at least one clinical dose into a receptacle to not more than 75% of its capacity, said receptacle being suitable as a final container adapted for protection, distribution and restoration for use of contents, dehydrating the biological material by sublimation through the action of a regenerable chemical desiccant and vacuum until dry, admitting dry sterile air to said receptacle, and sealing said receptacle to produce a final package ready for storage or distribution."

"Claim 35. The method of treating and packaging biological material for preservation which comprises filling at least one clinical dose into a receptacle to not more than 75% of its capacity, said receptacle being suitable as a final container adapted for protection, distribution and restoration for use of the contents thereof, dehydrating the biological material by sublimation through the action of (1) a solid, porous chemical desiccant heat-regenerable without fusion and (2) vacuum until dry, and sealing said receptable to produce a final package ready for storage or distribution."

From a mere reading of these claims it would appear that every argument which the Patent Office uses against the granting of Claim 35 tends to show that the Patent Office was in error in granting Claim 18. There is no attempt on the part of the Patent Office to explain this apparent inconsistency. The same may be said of the other claim on which this appeal is taken. However, we have held that the persuasive value which should be given to the action of the Commissioner in respect to allowed claims is a matter which must be determined in each case on its own facts. Sharp v. Coe, 1941, 75 U.S. App.D.C. 118, 125 F.2d 185. On the evidence before us we are inclined to agree with the Patent Office that the claims do not represent an advance over the prior art.

Even if we were of a different opinion as to the patentability of the process disclosed by these claims we could

scarcely grant them under the doctrine of Monsanto Chemical Co. v. Coe, supra. The claims in issue attempt to extend the control of appellant over a process beyond that which has been allowed by the Patent Office. There is no explanation as to the practical effect which these claims will have in extending appellant's control over the art, and no showing that the scope already granted by the Patent Office is not an adequate reward for the discovery.

Affirmed.